IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GALT VENTURES, INC.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 17-1205-JTM-GEB |
| | ) |
| MARQUES NOLAN-BEY, | ) |
| a.k.a. MARQUES NOLAN, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## REPORT AND RECOMMENDATION

Simultaneous with the filing of this order, the Court granted Defendant's request to proceed with this removal action without prepayment of the filing fee (Order, ECF No. 5). However, the authority to proceed without payment of fees is not without limitation. Under 28 U.S.C. § 1915(e)(2), sua sponte dismissal of the case is required if the court determines the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit. Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss

---

[1] Defendant's Notice of Removal names, as Plaintiffs, not only Galt Ventures, Inc., but its Chief Executive Officer, Doug R. Rippel. He also names the 18th Judicial District through its officers: District Judge Jeffrey E. Goering; District Judge "John Dilhiam;" and Deputy Clerk Cheryl L. Cischke. Defendant also includes the State of Kansas, Sedgwick County along with "Mayor Carl Brewer, [Succeeded] by Mayor Jeff Longwell." (*See* ECF No. 1, at 1.) In his prayer for relief, Defendant also names Deputy Sheriff Kim (last name unknown) and Sheriff Jeff Easter (ECF No. 1, at 15). These additional parties have not been added to the electronic docket because they were not parties to the state court action, which Defendant seeks to remove. The Court will not address the propriety of the addition of these parties to the case, and the accompanying jurisdictional and immunity issues, considering its recommendation that this case be dismissed.

the action."[2]  After application of these standards, the undersigned Magistrate Judge issues the following report and recommendation of dismissal pursuant to 28 U.S.C. § 636(b)(1)(B).

**Background**

Defendant Marques Nolan, a.k.a. Marques Nolan-Bey, initiated this case as the removal of a case previously filed against him in the 18th Judicial District Court of Sedgwick County, Kansas ("Legal Notice Order of Removal . . . pursuant to Title 28 § 1441-§1446", ECF No. 1).[3]  As evidenced by the state court Petition (ECF No. 4), plaintiff Galt Ventures, Inc., d.b.a. Speedy Cash #51, filed a small claims action against defendant Nolan-Bey in Sedgwick County on December 21, 2010, Case No. 10LM22683 (ECF No. 4). In that Petition, Plaintiff sought repayment on a $500 payday loan it extended to Defendant, along with interest and fees on the unpaid loan.  Defendant now files this action to apparently dispute the judgment entered on or about January 12, 2011 by Sedgwick County District Judge Jeffrey E. Goering (ECF No. 1, at 4).  He claims the state court is an "unconstitutional, private corporation" which did not provide him due process during the state proceedings and denied his right "for a trial as a national." (ECF No. 3).

At the initial filing of this federal case, Defendant named several Sedgwick County officials, along with Judge Goering, in this lawsuit as additional plaintiffs.[4]  He later filed a copy of the state court Petition, as required in all removal cases under D. Kan. Rule 81.2, and because he couches this matter as a removal of the state court proceeding, the caption of

---

[2] *King v. Huffman*, No. 10-4152-JAR, 2010 WL 5463061, at *1 (D. Kan. Dec. 29, 2010) (citing Fed. R. Civ. P. 12(h)(3)) (emphasis added).
[3] *Galt Ventures, Inc. v. Nolan*, No. 10LM22683 (Sedgwick County Dist. Ct., filed Dec. 21, 2010).
[4] *See supra* note 1.

this case was modified to mirror the caption of the state court action as reflected on the Petition.

## Analysis

As recited above, although Defendant has been permitted to proceed with his case *in forma pauperis* under 28 U.S.C. § 1915(e)(2), that statute requires the Court to examine the pleadings for merit when determining his financial ability to pursue the action. The Court, on its own motion, must dismiss the case if it finds the action: 1) frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a party who is immune from suit. Additionally, Fed. R. Civ. P. 12(h)(3) requires the Court to dismiss the case "[i]f the court determines at any time that it lacks subject-matter jurisdiction."[5] After application of these standards, the undersigned Magistrate Judge issues the following report and recommendation of dismissal pursuant to 28 U.S.C. § 636(b)(1)(B).

Because Defendant proceeds pro se in this removal action, his pleadings must be liberally construed.[6] However, Defendant still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[7] and the Court cannot "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."[8]

The Court has thoroughly reviewed both Defendant's pleadings and the state court Petition. Nothing the Court reviewed makes this case appear anything but an attempt to

---

[5] *King v. Huffman*, No. 10-4152-JAR, 2010 WL 5463061, at *1 (D. Kan. Dec. 29, 2010) (citing Fed. R. Civ. P. 12(h)(3)) (emphasis added).
[6] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[7] *Id*.
[8] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005)).

overturn the judgment of the state court. In fact, Defendant's Notice of Removal, titled "Affidavit Of Fact, Legal Notice order Of Removal To The District Court Of Kansas Pursuant To Title 28 § 1441- §1446" states, at the bottom of each page, that it is a "Notice of Reprimand of Judgement [sic]" (ECF No. 1, at 1-16).

On review of the pleadings, it appears this Court lacks jurisdiction, or power, over Defendant's claims. Because "federal courts are of limited jurisdiction, they must have a statutory basis for their jurisdiction.[9] Although Defendant claims violations of his Constitutional right to due process of law, among other offenses, the pleadings clearly demonstrate this is an attempt to review the state court judgment. But the *Rooker-Feldman* doctrine prevents this Court from hearing what is essentially the appeal of a state court judgment.[10] "[A] federal district court cannot review matters actually decided by a state court, nor can it issue 'any declaratory relief that is inextricably intertwined with the state court judgment.'"[11] Even though Defendant couches his claims as violations of his federal Constitutional rights, such claims are found to be "inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it."[12] Here, Defendant's current federal claims would not exist were it not for the state court decision, and the *Rooker-Feldman* doctrine bars this Court's review of the state court ruling.

---

[9] *See Perry v. Cowley County Cmty. Coll.*, No. 13-1425-JTM, 2013 WL 6804185, at *1 (D. Kan. Dec. 23, 2013) (discussing the two statutory bases for federal subject-matter jurisdiction: federal jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332) (citing *Nicodemus v. Union Pac. Corp.,* 318 F.3d 1231, 1235 (10th Cir. 2003)).

[10] *Fellows*, 2005 WL 752129, at *3 (citing *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16 (1923)).

[11] *Fellows*, 2005 WL 752129, at *3 (citing *Kiowa Indian Tribe of Okla. v. Hoover,* 150 F.3d 1163, 1169 (10th Cir. 1998) (quotations and citations omitted)).

[12] *Id*. (citing *Charchenko v. City of Stillwater,* 47 F.3d 981, 983 (8th Cir. 1995) (citation omitted)).

Because the *Rooker-Feldman* doctrine divests this Court of jurisdiction to hear this case, the removal of the state court action is improper and should result in remand of the case to Sedgwick County.  Under 28 U.S.C. § 1441, a "defendant may remove any state-court, civil action to federal court if the federal court has original jurisdiction over at least one of the plaintiff's claims."[13]  But, under 28 U.S.C. § 1447(c), the federal court "must remand the case to state court if it lacks subject matter jurisdiction."[14]  As described above, this federal court lacks subject matter jurisdiction over the review of Defendant's state court case.  Lacking jurisdiction, the Court must remand the action.

Permitting Defendant some latitude as a pro se litigant, the Court could assume he intended—contrary to his notations otherwise—to file this action as a new and separate action against the additionally-named Plaintiffs, aside and apart from removal of the Sedgwick County case.  However, even if Defendant intended to file a new action, and the removal and remand issues were inapplicable, the analysis of the *Rooker-Feldman* doctrine above would still apply to dismiss the action for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

Although either remand (in the event the Court views this case as a removal) or dismissal (if the Court considers this a new action) appear appropriate, this Court recommends dismissal.  Under 28 U.S.C. 1446, the statute that outlines the procedure for removal of civil actions, Defendant was required to remove this action within 30 days of his

---

[13] *Christensen v. BNSF Ry. Co.*, 242 F. Supp. 3d 1186 (D. Kan. 2017) (citing 28 U.S.C. § 1441(a); 28 U.S.C. § 1367).
[14] *Id*. (citing 28 U.S.C. § 1447(c)).

receipt of the initial state court petition.[15]  Although the date he was served with the Petition is unclear, the state court petition was filed in December 2010, and Defendant's pleading describes a judgment against him dated January 2011 (ECF No. 1, at 4).  Nearly seven years after the filing of the case, Defendant is clearly out of time for proper removal, and an appeal of the state court judgment[16] is likewise well out of time.  Remand to the state court appears futile.  Therefore, dismissal is the more appropriate result.

After careful review, and being mindful that he proceeds on a pro se basis, the Court finds Defendant failed to allege a basis for this Court to assume jurisdiction over his claims.  Therefore, the undersigned U.S. Magistrate Judge recommends that the Court dismiss this case for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

**IT IS THEREFORE RECOMMENDED** that this case be dismissed with prejudice for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3).

**IT IS FURTHER ORDERED** that Defendant will be served with this recommendation by email notification through the Court's Electronic Filing System, because he is registered as an electronic filer.  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Defendant may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being

---

[15] 28 U.S.C. § 1446(b)(2)(B) (requiring, "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal.").

[16] K.S.A. § 61-3902 and § 60-2103 require an appeal from a state district court judgment to be filed within 30 days from the entry of judgment.

served with a copy of this report and recommendation.  Failure to make a timely objection waives appellate review of both factual and legal questions.[17]

    **IT IS SO ORDERED**.

Dated at Wichita, Kansas this 25th day of September 2017.

                                          s/ Gwynne E. Birzer
                                          GWYNNE E. BIRZER
                                          United States Magistrate Judge

---

[17] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).